# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| NORMA LOU HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-cv-03280-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REMANDING THE CASE FOR FURTHER PROCEEDINGS

Plaintiff Norma Lou Hall petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. The administrative law judge ("ALJ") found Plaintiff had multiple severe impairments, including lateral epicondylitis, wrist tendonitis, gastroesophageal reflux disease, fibromyalgia, myofascial pain syndrome, cervical and lumbar spondylosis with radiculopathy, and hypertension, but retained the residual functional capacity ("RFC") to perform her past relevant work as a payroll clerk and bookkeeper.

As explained below, the Court finds the ALJ's opinion is not supported by substantial evidence on the record as a whole. Therefore, the Court REMANDS the case for further proceedings.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending applications on January 10, 2013, alleging a disability onset date of September 3, 2010.  The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ.  On January 6, 2014, the ALJ held a hearing and on February 28, 2014, the ALJ issued a decision finding Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review on May 1, 2015, leaving the ALJ's decision as the Commissioner's final decision.  Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015).  Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *Id.*  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015).  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

As her primary argument on appeal, Plaintiff contends that the ALJ erred by relying on flawed testimony from the vocational expert ("VE") in determining that Plaintiff could perform her past relevant work. Specifically, Plaintiff argues that the VE's testimony conflicts with the *Dictionary of Occupational Titles* ("*DOT*") in that her past relevant work requires frequent reaching, but the ALJ limited her to reaching above the head no more than occasionally. She further argues that the ALJ failed to elicit testimony regarding this conflict. The Commissioner contends that the *DOT* definitions regarding reaching frequency constitute maximum requirements, and the VE properly addressed the discrepancy by explaining that the reaching direction was not addressed in the *DOT*.

At Step Four, "[w]here the claimant has the residual functional capacity to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled." *Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000). When eliciting VE testimony, "the ALJ has an affirmative responsibility to ask about any possible conflict between VE evidence and the DOT . . . on the requirements of a job or occupation before relying on VE evidence to support a determination of not disabled." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014) (internal quotations and footnotes omitted); *see also Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014) ("The ALJ is not absolved of this duty [to ask about conflicting testimony] because the VE responds 'yes' when asked if her

---

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

testimony is consistent with the DOT."); SSR 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000) (mandating that an ALJ elicit a reasonable explanation for any conflict before relying on VE evidence to support a disability determination). "Absent adequate rebuttal . . . VE testimony that conflicts with the DOT 'does not constitute substantial evidence upon which the Commissioner may rely'" to meet the burden of proving a claimant cannot perform past relevant work. *Moore*, 769 F.3d at 990 (citing *Kemp*, 743 F.3d at 632); *see also Martin v. Colvin*, No. 3:14CV00123-JJV, 2014 WL 5473470, at *2 (E.D. Ark. Oct. 28, 2014) (applying *Moore* and *Kemp* to an ALJ's Step Four determination).

      Here, the ALJ found that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that she is limited to reaching above the head no more than occasionally bilaterally. R. at 14. The VE testified that Plaintiff is able to perform her past relevant work as a bookkeeper, *DOT* § 210.382-014, 1991 WL 671821 (4th ed. rev. 1991), and payroll clerk, *id.* § 215.382-014, 1991 WL 671908. R. at 51-52. Each of these positions requires Plaintiff to reach frequently, or between one-third and two-thirds of the time. *Id.* § 210.382-014, 1991 WL 671821; 215.382-014, 1991 WL 671908. When asked if her testimony was consistent with the *DOT*, the VE responded that "[t]here were some aspects of the hypothetical the *DOT* [did] not address, but [her testimony was] not inconsistent." R. at 55. The ALJ specifically relied on the VE's testimony in finding that Plaintiff is able to perform her past relevant positions as they are generally performed. R. at 17.

      The ALJ's reliance on the VE's testimony in finding that the Plaintiff was not disabled at Step Four was reversible error.[2] The conflict between Plaintiff's reaching limitations and the

---

[2] The Commissioner argues that such an analysis is inapplicable at Step Four, and the ALJ need only elicit an explanation in relying upon the VE's testimony at Step Five. Here, the record indicates that the ALJ relies *only* on the VE's testimony and the *DOT* in making his findings regarding Plaintiff's past relevant work. R. at 17. Regardless of whether the case is resolved at Step Four or Five, the ALJ's decision must be supported by substantial

*DOT* descriptions of her past relevant positions were apparent, and the ALJ failed to elicit a reasonable explanation for the conflict in reaching frequency. Absent adequate rebuttal, the VE testimony does not constitute substantial evidence upon which the ALJ may rely.

Because the ALJ relied solely on faulty evidence in making his Step Four determination, his finding is not supported by substantial evidence and must be remanded for further consideration in accordance with this order.[3]

## Conclusion

For the foregoing reasons, the Court REMANDS this case to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Date:  July 15, 2016                             /s/ Greg Kays
                                                              GREG KAYS, CHIEF JUDGE
                                                              UNITED STATES DISTRICT COURT

---

evidence. *See Martin*, 2014 WL 5473470, at *2 (remanding where the ALJ relied on VE testimony that conflicted with the *DOT* at Step Four). Therefore, the ALJ made a substantial-evidence error, not a Step-Five-specific error.

[3] Plaintiff also challenges the ALJ's credibility determination. Because remand is warranted for other reasons, the Court declines to address this argument.